

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————————

No. 02-23-00120-CR

———————————————————

STANLEY LAROY FORD, JR., Appellant

V.

THE STATE OF TEXAS

---

On Appeal from the 396th District Court
Tarrant County, Texas
Trial Court No. 1662965

---

Before Sudderth, C.J.; Kerr and Walker, JJ.
Memorandum Opinion by Justice Walker

**MEMORANDUM OPINION**

A jury convicted Appellant Stanley Laroy Ford, Jr. of the offenses of murder, possession of a firearm by a felon, and tampering with physical evidence. The jury assessed his punishment at 80 years' confinement for the murder offense, 12 years' confinement for the possession of a firearm by a felon offense, and 5 years' confinement for the tampering with physical evidence offense. The trial court sentenced Ford accordingly and ordered the sentences to run concurrently. In his sole issue, Ford challenges the sufficiency of the evidence. We affirm.

## I. BACKGROUND

On October 18, 2020, Ford shot and killed Ibrahim Johnson at the Metro 7000 apartment complex. Asia Cobb testified that Johnson was her boyfriend and that they moved into the apartment complex sometime in 2020. According to Cobb, Johnson and Ford—who also lived in the apartment complex—initially had a cordial relationship, but later there was tension between them resulting in escalating confrontations. In the days prior to the shooting, the police were called numerous times concerning complaints between Johnson and Ford and his friends. Cobb recalled an incident where Ford and his friend came to the couple's apartment to fight Johnson.

Cobb testified that on the day of the shooting, she and Johnson took their dog to a dog park. When they returned, Ford approached them with a gun. Ford asked Johnson why he had been on Ford's porch. Before Johnson could respond, Ford

2

fired a shot. Johnson ran, and Ford chased after him. Cobb stated that Ford shot again, and Johnson tripped and fell. After Johnson fell, Ford stood over him and shot him. Cobb testified that Ford ran in the direction of his apartment after shooting Johnson.

Another resident of the apartment complex testified that he was outside at the time of the shooting. He heard a shot and ducked between two vehicles. The resident then saw Ford stand over Johnson and shoot him.

Detective Jerry Cedillo with the Fort Worth Police Department arrived at the scene. He stated that Ford was identified as a potential suspect, and an arrest warrant was issued for him. On November 3, 2020, Ford was stopped for a traffic stop and placed under arrest. Detective Cedillo interviewed Ford, and a video of that interview was played before the jury. Ford told Detective Cedillo that on the morning of the shooting, he had received a call that Johnson was on his balcony trying to break into his apartment. Ford said that Johnson had made previous threats to harm his children. Ford admitted to Detective Cedillo that he confronted Johnson and then shot him at close range.

## II. SUFFICIENCY OF THE EVIDENCE

Federal due process requires that the State prove beyond a reasonable doubt every element of the crime charged. *Jackson v. Virginia*, 443 U.S. 307, 316, 99 S. Ct. 2781, 2787 (1979); *see* U.S. Const. amend XIV. The *Jackson* standard of review, which is explained below, is the "only standard that a reviewing court should apply in

3

determining whether the evidence is sufficient to support each element of a criminal offense that the State is required to prove beyond a reasonable doubt." *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010) (overruling *Clewis v. State*, 922 S.W.2d 126 (Tex. Crim. App. 1996)). "[W]e review the sufficiency of the evidence establishing the elements of a criminal offense under the single sufficiency standard set out in *Jackson v. Virginia*." *Acosta v. State*, 429 S.W.3d 621, 624 (Tex. Crim. App. 2014).

In our evidentiary-sufficiency review, we view all evidence in the light most favorable to the verdict to determine whether any rational factfinder could have found the crime's essential elements beyond a reasonable doubt. *Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Queeman v. State*, 520 S.W.3d 616, 622 (Tex. Crim. App. 2017). The factfinder alone judges the evidence's weight and credibility. *See* Tex. Code Crim. Proc. Ann. art. 38.04; *Martin v. State*, 635 S.W.3d 672, 679 (Tex. Crim. App. 2021). We may not re-evaluate the evidence's weight and credibility and substitute our judgment for the factfinder's. *Queeman*, 520 S.W.3d at 622. Instead, we determine whether the necessary inferences are reasonable based on the cumulative force of the evidence when viewed in the light most favorable to the verdict. *Braughton v. State*, 569 S.W.3d 593, 608 (Tex. Crim. App. 2018); *see Villa v. State*, 514 S.W.3d 227, 232 (Tex. Crim. App. 2017) ("The court conducting a sufficiency review must not engage in a 'divide and conquer' strategy but must consider the cumulative force of all the evidence."). We must presume that the factfinder resolved any conflicting inferences

4

in favor of the verdict, and we must defer to that resolution. *Braughton*, 569 S.W.3d at 608.

## III. DISCUSSION

In his sole issue, Ford argues that the evidence is insufficient to support his conviction for murder. He does not challenge the sufficiency of the evidence to support his convictions for possession of a firearm by a felon or tampering with physical evidence.

Ford specifically argues that the evidence is insufficient to support his conviction for murder because he acted in response to Johnson's threatening his children and attempting to break into his apartment. Ford requested jury instructions on sudden passion,[1] defense of a third party, and self-defense. His requests were denied. Ford does not argue on appeal that the trial court erred by denying his requested jury instructions or complain that the jury was improperly charged. Although Ford argues on appeal that the evidence is insufficient to support his conviction for murder because he acted in self-defense or in defense of others, those defenses were not before the jury.

A person commits the offense of murder if he:

(1) intentionally or knowingly causes the death of an individual; or

---

[1]Sudden passion means passion directly caused by and arising out of provocation by the individual killed or another acting with the person killed which passion arises at the time of the offense and is not solely the result of former provocation. Tex. Penal Code Ann. § 19.02(a)(2).

5

(2) intends to cause serious bodily injury and commits an act clearly dangerous to human life that causes the death of an individual.

Tex. Penal Code Ann. § 19.02(b)(1)(2).

The jury heard evidence that Ford confronted an unarmed Johnson and then fired a shot. Johnson attempted to flee, but Ford chased after him. After Johnson fell to the ground, Ford stood over him and shot him at close range. Ford admitted to these facts in an interview with Detective Cedillo. Based on this evidence, a rational jury could have found Ford murdered Johnson; therefore, it is sufficient to support Ford's conviction for murder. *See Jackson,* 443 U.S. at 319, 99 S. Ct. at 2789; *Evans v. State*, 440 S.W.3d 107, 113 (Tex. App.—Waco, 2013, pet. ref'd). We overrule Ford's sole issue.

## IV. CONCLUSION

We affirm the trial court's judgments.

/s/ Brian Walker

Brian Walker
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: February 29, 2024